**Ronald WOMACK, Petitioner–Appellant,**

v.

**A.P. KANE, Respondent–Appellee.**

**No. 07–16019.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed March 26, 2008.

Ronald Womack, Soledad, CA, pro se.

Brian George Smiley, Office of the California Attorney General, Sacramento, CA, Respondent–Appellee.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Ronald Womack, a California state prisoner, appeals the denial of his habeas corpus petition brought under 28 U.S.C. § 2254. He contends that he was entitled to specific performance of his original plea agreement, even though the original agreement provided for a sentence that was illegal under California law. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review a denial of a habeas petition de novo. `Sass v. Cal. Bd. of Prison Terms,` 461 F.3d 1123, 1126 (9th Cir.2006). As this petition was filed after April 24, 1996, it is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy,* 521 U.S. 320, 335–36, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

To grant the writ of habeas corpus under AEDPA, Womack must show that the California State Court unreasonably applied clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d). A criminal defendant has a due process right to enforce the terms of his plea agreement. *Santobello v. New York,* 404 U.S. 257, 261–62, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). When a promise on which a plea rests is violated, the remedy is either specific performance of the plea agreement or the opportunity to withdraw the plea. *Id.* at 262–63, 92 S.Ct. 495. In choosing between the two, state courts are in a better position to select the appropriate remedy. *See id.*

Here, Womack refused the opportunity to withdraw his plea and demanded specific performance. However, he failed to show the California Court of Appeal unreasonably applied *Santobello* because he was still given the option to withdraw his plea. We therefore affirm the district court.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.